UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
UNITED STATES OF AMERICA
  -v-

Primo Cassarino ,
      Defendant.
----------------------------------------------------x

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT
** AMENDED PURSUANT TO RULE 35 **
CASE NUMBER: CR-02-606-4(FB)/CR-05-328(FB)
RICHARD SHANLEY, ESQ.
328 FLATBUSH AVENUE
BROOKLYN, NY 11238
Defendant's Attorney & Address

**THE DEFENDANT: Primo Cassarino**

__XX__ was found guilty on counts 1, 2, 3, 4, 6, 7, 8, 9, 11, 13, 14, 15, 17, 18, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 33, 38 39, 40, 41, 42, 43, 44, 45, 46, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 66, 67, & 68 in CR-02-606 after a plea of not guilty.

__XX__ pleaded guilty to count ONE OF AN INFORMATION IN CR-05-328.

Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| T. 18 U.S.C. 1962(c) | RACKETEERING | 1 & 2 |
| T. 18 U.S.C. 1951 | CONSPIRACY TO EXTORT | 3, 4, 8, 9, 14, 15, 24 to 27, 49 to 57, 58, 59 |
| T. 18 U.S.C. 1343 | WIRE FRAUD | 6 to 11, 13, 17, 18, 20 to 23 |
| T. 18 U.S.C. 1956(a)(1) | MONEY LAUNDERING | 28, 29, 30, 33, 38 to 46 |
| T. 18 U.S.C. 1955 | CONDUCTING A ILLEGALLY GAMBLING BUSINESS | 66, 67 |
| T. 18 U.S.C. 1512 | WITNESS TAMPERING | 68 |
| T. 18 U.S.C. 892(a) | LOANSHARKING | 1 (CR-05-328) |

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__XX__ The defendant has been found not guilty on counts 12, 47, 48, 60, 61, 62, 63, 64 & 65 and is discharged as to such counts.

__XX__ It is ordered that the defendant shall pay to the United States a special assessment of $ 5,000.00 which shall be due immediately :

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec # _____

Defendant's Mailing Address:

_____

_____

__AUGUST 28, 2007__
Date of Imposition of Sentence

s/Frederic Block
THE HONORABLE FREDERIC BLOCK

August 29, 2007
Date

Defendant: Primo Cassarino
Case Number: CR-02-606-4(FB)/ CR-05-328(FB)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>TIME SERVED ON COUNTS: 1, 2, 3, 4, 6, 7, 8, 9, 11, 13, 14, 15, 17, 18, 20 to 23, 24 to 27, 28 to 30, 33, 38 to 46, 49 to 59, 66, 67, 68 AND COUNT 1 of CR-05-328. THE SENTENCED IMPOSED ON EACH COUNT SHALL RUN CONCURRENTLY TO EACH OTHER FOR A TOTAL OF TIME SERVED.</u>

\_\_ The Court makes the following recommendations to the Bureau of Prisons:

<u>XX</u> The defendant is remanded to the custody of the United States Marshal.
\_\_ The defendant shall surrender to the United States Marshal for this district,
    \_\_ at \_\_\_a.m./p.m. on _____.
    \_\_ as notified by the Marshal.

\_\_ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

    \_\_ before 2:00 p.m. on _____.
    \_\_ as notified by the United States Marshal.
    \_\_ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

The defendant was delivered on _____ to _____ at _____, with a certified copy of this Judgment.

                                                                     United States Marshal

                                                                       By_____

Defendant: Primo Cassarino
Case Number: CR-02-606-4(FB)/CR-05-328(FB)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>THREE (3) YEARS ON EACH COUNT OF CONVICTION, TO RUN CONCURRENTLY TO EACH OTHER IN CR-02-606 AND COUNT 1 OF CR-05-328, FOR A TOTAL OF THREE (3) YEARS WITH THE FOLLOWING SPECIAL CONDITIONS: (1)THAT THE DEFENDANT SHALL NOT ASSOCIATE IN PERSON, THROUGH MAIL, ELECTRONIC MAIL OR TELEPHONE WITH ANY INDIVIDUAL WITH AN AFFILIATION TO ANY ORGANIZED CRIME GROUPS, GANGS OR ANY OTHER CRIMINAL ENTERPRISE; NOR SHALL THE DEFENDANT FREQUENT ANY ESTABLISHMENTS, OR OTHER LOCALE WHERE THESE GROUPS MAY MEET PURSUANT, BUT NOT LIMITED TO, A PROHIBITION LIST PROVIDED BY THE PROBATION DEPARTMENT,(2) THE DEFENDANT SHALL COMPLY WITH THE RESTITUTION ORDERED IN THIS JUDGMENT, AND THE DEFENDANT SHALL MAKE FULL FINANCIAL DISCLOSURE TO THE PROBATION DEPARTMENT; (2) THE DEFENDANT SHALL COMPLY WITH THE RESTITUTION AND FORFEITURE ORDERED IN THIS JUDGMENT; AND (3) THE DEFENDANT SHALL MAKE FULL FINANCIAL DISCLOSURES TO THE PROBATION DEPARTMENT.</u>

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

__  The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

**Defendant:** Primo Cassarino
**Case Number:** CR-02-606-4(FB)/CR-05-328(FB)

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: Primo Cassarino
Case Number: CR-02-606-4(FB)/CR-05-328(FB)

# RESTITUTION

RESTITUTION IS ORDERED IN THE TOTAL SUM OF $1,666,749.00. RESTITUTION SHALL BE PAID JOINTLY AND SEVERALLY WITH CO-DEFENDANTS: ANTHONY CICCONE, RICHARD BONDI AND JEROME BRANCATO. RESTITUTION PAYMENTS SHALL COMMENCE ONE MONTH AFTER THE DEFENDANT'S RELEASE FROM INCARCERATION, AND PAYMENTS SHALL BE MADE AT THE RATE OF 10% OF THE DEFENDANT'S MONTHLY GROSS INCOME. PAYMENTS SHALL BE MADE TO THE CLERK OF THE COURT, WHO SHALL PERIODICALLY REMIT SUCH MONIES PROPORTIONALLY TO THE FOLLOWING VICTIMS:

$1,070,136.00 TO ILA LOCATED AT ILA; AFL-CIO, 17 BATTERY PLACE, NEW YORK, N.Y. 10004. ATTN.: Mr. ROBERT E. GLEASON, SECRETARY-TREASURER.

$276,644.00 TO LOCAL 1 LOCATED AT ILA, LOCAL 1, 235 CLIFFORD STREET, NEWARK, N.J. 07105. ATTN.: Mr. DAVID J. CONLEY, SECRETARY-TREASURER.

$158,000.00 TO HOWLAND HOOK LOCATED AT HOWLAND HOOK CONTAINER TERMINAL, INC. 300 WESTERN AVENUE, STATEN ISLAND, N.Y. 10303. ATTN.: JAMES J. DEVINE, PRESIDENT AND CEO. [CARMINE RAGUCCI WAS THE PRIOR PRESIDENT]

$36,000.00 TO FRANK MOLFETTA LOCATED AT BRIDGESIDE DRAYAGE, INC. 300 WESTERN AVENUE, STATEN ISLAND, N.Y. 10303. ATTN.: FRANCIS MOLFETTA.

$10,000.00 TO NICOLA MARINELLI LOCATED AT SCOTT TULMAN, ESQ. 369 LEXINGTON AVENUE, 15TH FLOOR, NEW YORK, N.Y. 10017. C/O NICOLA MARINELLI.

$50,469.00 TO ILA LOCAL 1814 LOCATED AT, ILA LOCAL 1814, 70 20TH STREET, BROOKLYN, N.Y. 11232. ATTN.: Mr. LOUIS PERNICE, SECRETARY-TREASURER.

$35,250.00 TO EDDIE ALAYEV, AS INFORMED BY THE CASE AGENT, THIS VICTIM CHOOSES NOT TO ACCEPT ANY RESTITUTION, THEREFORE THE RESTITUTION SHALL GO TO THE CRIME VICTIMS FUND PURSUANT TO *US V. Johnson*, 2004 WL 1773548 (2nd Cir. August 9, 2004)

$11,000.00 TO GERASIO MESSERI LOCATED AT 457 CROWN AVENUE, STATEN ISLAND, N.Y. 10312

$19,000.00 IN REGARDS TO CR-05-328(FB) TO GERASIO MESSERI LOCATED AT 457 CROWN AVENUE, STATEN ISLAND, N.Y. 10312

**Defendant: Primo Cassarino**
**Case Number: CR-02-606-4(FB)/CR-05-328(FB)**

FORFEITURE

      FORFEITURE IS ORDERED IN THE TOTAL SUM OF $1,647,749.00. THE FORFEITURE SHALL BE PAID JOINTLY AND SEVERALLY WITH CO-DEFENDANTS: PETER GOTTI; ANTHONY CICCONE; JEROME BRANCATO; RICHARD BONDI; RICHARD V. GOTTI AND RICHARD G. GOTTI. THE FORFEITURE SHALL BE PAID ACCORDING TO THE TERMS AND CONDITIONS IN THE PRELIMINARY ORDER OF FORFEITURE ATTACHED TO THIS JUDGMENT.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X

UNITED STATES OF AMERICA

   -against-

Primo Cassarino, <u>et. al.</u>

   Defendant.

------------------------------X

**PRELIMINARY ORDER
OF FORFEITURE**

CR 02-606 (FB)

WHEREAS, on March 17, 2003, a criminal jury sitting in the Eastern District of New York, returned a unanimous guilty verdict against the defendant Primo Cassarino for violations of racketeering, racketeering conspiracy and numerous substantive money-laundering offenses; and

WHEREAS, by virtue of these criminal convictions, the United States is now entitled to forfeiture under 18 U.S.C. §§ 982 and 1963 as forth below:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. A money judgment in the amount of One Million, Six Hundred and Forty-Seven Thousand, Seven Hundred and Forty-Nine Dollars and No Cents ($1,647,749.00) ("the Money Judgment") was acquired, maintained or derived from proceeds or profits of the racketeering enterprise or racketeering activities charged in Counts One (Racketeering) and Two (Racketeering Conspiracy), and was involved in or traceable to the money laundering violations charged in Counts Twenty-Eight, Twenty-Nine, Thirty, Thirty-Three, and Thirty Eight through Forty Six (Money Laundering counts) of the Indictment is hereby entered against the defendant Primo Cassarino and is to be forfeited to the United States.

2. All payments on the Money Judgment to the United States shall be made by bank or certified check made payable to the "United States Marshals Service EDNY" and delivered by overnight mail to Assistant U.S. Attorney Claire S. Kedeshian, United States Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor,

rooklyn, New York 11201.

3. The United States Marshals Service for the Eastern District of New York shall deposit all payments on e forfeiture Money Judgment in accordance with applicable laws and regulations.

4. The defendant, Primo Cassarino, shall complete and submit to the United States a Financial Disclosure rm, signed under oath, within sixty (60) days of the entry of this Preliminary Order of Forfeiture and the United States all be permitted to apply to the Court for such appropriate relief as may be appropriate to protect the interest in the nited States in the property ordered forfeited pursuant to 21 U.S.C. § 853(g), as incorporated by 18 U.S.C. 982(b)(1); and 18 U.S.C. § 1963(d)(2)(e).

5. Until the forfeiture Money Judgment is fully satisfied and paid in full, if the defendant, Primo ıssarino, has a interest of record in the property set forth below, the Government may file a list of pendency against said operty.

(a) 8009 11th Avenue
Brooklyn, New York 11228.

6. Upon entry of this Order, the United States is authorized to seizure and forfeiture of the Money dgment and to commence any applicable proceeding to comply with statutes governing third party rights, including ving notice of this Order.

7. The United States shall publish notice of the order and its intent to dispose of the property in such a inner as the Attorney General (or a designee) may direct. The United States, may also, to the extent practicable, provide itten notice to any person known to have an alleged interest in the properties to be forfeited.

8. Any person, other than the above-named defendant, asserting a legal interest in the properties subject forfeiture may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition ¿ court for a hearing without a jury to adjudicate the validity of his alleged interest in the properties to be forfeited, and an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982.

9. Any petition filed by a third party asserting an interest in the properties to be forfeited shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the properties to be forfeited, the time and circumstances of the petitioner's acquisition of the right, title or interest in the properties to be forfeited, any additional facts supporting the petitioner's claim and the relief sought.

10. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

11. In accordance with Fed. R. Crim. P. 32.2(b)(3), the United States is hereby authorized to conduct any discovery necessary to help identify, locate, or dispose of any property subject to forfeiture.

12. The United States shall have clear title to the properties to be forfeited following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), or the filing of third party petitions.

13. The Clerk of Court shall forward four certified copies of this order to Assistant U.S. Attorney Claire Kedeshian, U.S. Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

Brooklyn, New York
Dated: ~~July~~ ~~2004~~ September 9, 2004

SO ORDERED:

/signed/

HONORABLE FREDERIC BLOCK
UNITED STATES DISTRICT JUDGE